UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| Moo & Oink, Inc., | ) | |
| Debtor. | ) | No. 11 B 34616 |
| | ) | |
| Shuntay Antonio Brown, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 A 00410 |
| v. | ) | |
| | ) | |
| Ms. Mollye's, Inc., Rainbow PUSH | ) | |
| Coalition, Law Office of Ernesto Borges Jr., | ) | |
| Reverend Jesse L. Jackson Sr., Ernesto | ) | |
| Borges Jr., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION DISMISSING AMENDED COMPLAINT ON COURT'S MOTION *SUA SPONTE* TO CONSIDER SUFFICIENCY OF PLEADING UNDER RULE 7012(b) FED. R. BANKR. P.

This matter relates to a twenty-one-count adversary complaint brought by Shuntay Antonio Brown, as a professed creditor of Moo & Oink, Inc. ("Debtor"), against several defendants. For reasons set forth below on motion of Court *sua sponte*, the Amended Complaint will be dismissed in its entirety by separate order.

**Count I**

Count I seeks to recover *from* Defendant Ms. Mollye's, Inc. (an affiliate of the Debtor but not a Debtor in the underlying bankruptcy case) money paid and transferred in excess of $4 million to First Midwest Bank. It alleges those transfers constitute and resulted from actual fraud recoverable under 11 U.S.C. §§ 548(a)(1)(A) and 550. It and every other Count in the Complaint also allege violations of Mr. Brown's Constitutional rights allegedly causing him severe mental anguish and distress in addition to other harms. Allegations related to violation of Mr. Brown's Constitutional rights will be discussed in a separate section below. Count I is facially defective as it does not state a cause of action and is dismissed.

Mr. Brown does not have standing to recover the alleged fraudulent transfers. According to *Collier on Bankruptcy*, avoiding powers under 11 U.S.C. § 548 exist for the benefit of a debtor's estate. P. 548.01. It serves to enable increase of creditor dividends by creating or

1

increasing the estate's assets and by avoiding unfairly incurred obligations. *Id.* Given this goal, the Code restricts who can maintain an action under § 548. This is sometimes referred to as a question of whether a plaintiff has standing to prosecute the action. Section 548 vests the power to avoid fraudulent transfers in the bankruptcy trustee; it begins by stating that "[t]he *trustee* may avoid . . . ." In Chapter 7 cases, this is the trustee appointed under § 701 or § 702. This is a Chapter 7 case and the trustee appointed under § 701 is Michael K. Desmond ("Chapter 7 Trustee").

Courts have, in some circumstances, permitted the official creditors' committee or a single creditor acting on behalf of the estate to bring a fraudulent conveyance action. A party other than the trustee must obtain permission from the court before commencing the action. *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990). No such permission has been granted.

In *Fogel v. Zell*, an Opinion of the Seventh Circuit a creditor in a Chapter 7 case was permitted to bring a fraudulent conveyance action after that Opinion found the trustee unjustifiably refused to bring the action. 221 F.3d 955, 966 (7th Cir. 2002). In that case, the Panel stated the requirements for so-called "derivative standing" as follows:

> If a trustee unjustifiably refuses a demand to bring an action to enforce a colorable claim of a creditor, the creditor may obtain the permission of the bankruptcy court to bring the action in place of, and in the name of, the trustee . . . . In such a suit, the creditor corresponds to the shareholder, and the trustee to management, in a shareholder derivative action.

*Id.* Mr. Brown seeks permission to bring his action by arguing that the Chapter 7 Trustee has unjustifiably refused to bring an action to recover the alleged fraudulent transfers. (Am. Compl. ¶ 336) As § 548 only effects avoidance of the transaction in question, an estate representative must use § 550(a) to actually obtain a money judgment to recover any money from the transferee. That section's language mirrors that of § 548 in that the "trustee" is empowered to recover on avoided transfers. § 550 (" . . . to the extent that a transfer is avoided under section 544 . . . the *trustee* may recover . . . . ") Whether derivative standing is appropriate under § 550 is determined as in cases involving § 548. However, it is not necessary to decide here whether the Chapter 7 Trustee has unjustifiably refused to act as Count I does not even state a colorable claim.

First, there may be some question as to whether Mr. Brown is even a creditor of Moo & Oink. In his Amended Complaint he states, "[t]he Plaintiff Shuntay Antonio Brown is an

2

employee of the Debtor. Shuntay has been an employee of Moo & Oink, Inc. from about 2008 in the position of a butcher in the fish department . . . ." (Am. Compl. ¶ 6) In another adversary filed by him, however, Mr. Brown pleaded that he was transferred from Moo & Oink to an affiliate of the Debtor, Your Meat Store and More, LLC. (*Brown v. United & Commercial Worker Union Local 1546, et al*, No. 12 A 00406, Dkt. 1, Compl. ¶ 26) In that Complaint against the Union, Mr. Brown indicated that he ceased to be employed by Moo & Oink in November 2010. (*Id.* at ¶ 30) Mr. Brown evidently sought to return to employment with Moo & Oink but it is not clear that he actually did so. (*See id.* at ¶ 34) In that Complaint, Mr. Brown alleged he was not paid wages for work he performed for Your Meat Store and More, LLC.

In addition, the Amended Complaint does not comply with the rules for pleading under Fed. R. Civ. P. 8, made applicable in bankruptcy by Fed. R. Bankr. P. 7008(a). Under that rule, "A pleading that states a claim for relief must contain (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8. To survive a motion to dismiss made under Rule 12(b)(6) Fed. R. Civ. P. (made applicable in bankruptcy by Fed. R. Bankr. P. 7012(b)), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). Plausibility does not require probability, but does require something "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atl.*, 550 U.S. at 556). "Plausibility" in this context does not imply that the . . . court should decide whose version to believe, or which version is more likely than not. ... [T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

In his Complaint, Mr. Brown states that, "[w]ithin two years prior to the Petition Date . . . Ms. Mollye's Inc. transferred properties in the amount greater than four million dollars to First Midwest Bank with the intent to hinder, delay or defraud the Debtor's creditors and in furtherance of the fraud being perpetrated by the debtor in connection with this bankruptcy

3

scheme detailed above." (Am. Compl. ¶ 337) It is unclear what scheme Mr. Brown is referring to. He does not describe anywhere in his Amended Complaint any particular alleged transfers to First Midwest Bank. He does state that the Bank is or was owed $4 million by the Debtor and its related entities pursuant to a Loan and Security Agreement. (Am. Compl. ¶ 25) Payment of a debt is not by itself fraudulent. There are not enough facts alleged to draw any inference as to what occurred that was unlawful. Therefore, Mr. Brown has failed to plead any facts indicating he or the Trustee is entitled to relief under this Count.

Therefore, for the reasons described above, Count I is dismissed for failing to allege a cause of action.

**Count II**

Count II of the Complaint is brought under 11 U.S.C. §§ 544(b)(1), 550(a) and the Illinois Uniform Fraudulent Transfer Act. It also alleges Constitutional violations that will be discussed *infra*. The standing analysis described above applies to this Count as well. *In re Newcorn Enters.*, 287 B.R. 744, 748–50 (Bankr. E.D. Mo. 2002) (holding standing is available to creditors suing under § 544 when the trustee is unable or unwilling to pursue claims on behalf of the estate) Similarly, the earlier pleading analysis applies to this Count because Mr. Brown alleges but does not provide factual details regarding alleged nature of fraudulent transfers to First Midwest Bank.

**Counts III, V, and VII through IX**

Each of these Counts seeks to allege violation of Mr. Brown's rights under the United States Constitution. Each Count is defective for lack of subject-matter jurisdiction in this Court and will be dismissed. Mr. Brown asserts that all matters in his Complaint are core proceedings under 11 U.S.C. § 157(b)(2) but, as described below, that assertion is incorrect.

Count III alleges a conspiracy to interfere Mr. Brown's civil rights and is brought under 42 U.S.C. § 1985. Although unspecified, this Count likely refers to § 1985(3) that creates a cause of action for conspiracies to deny equal protection under the law.[1] It alleges a conspiracy to engage in a Ponzi scheme and to sell Debtor's assets to insiders, thereby "sabotaging" Debtor's creditors, including Mr. Brown and causing emotional and economic harm. (Am. Compl. ¶¶ 364, 367–370)

---

[1] The other two subsections of the provision do not apply to the facts presented in the Complaint as Mr. Brown is not an officer of the United States nor a party, witness, or juror prevented from attending court proceedings. *See* 42 U.S.C. § 1985(1), (2).

4

Count V alleges violation of Mr. Brown's civil rights and is brought under 42 U.S.C. § 1981. That provision, originally part of the Civil Rights Act of 1866, protects (i) the "right to make and enforce contracts," (ii) the right of equal access to the judicial process "to sue, be parties, give evidence," (iii) "full and equal benefit of all laws and proceedings for the security of persons and property," and (iv) ensure subjection to "like punishment, pains, penalties, taxes, licenses and exactions of every kind." 42 U.S.C. § 1981.

Count VII alleges deprivation of Mr. Brown's civil rights and is brought under 42 U.S.C. § 1983. That provision provides for a civil remedy where an individual has been deprived of his or her civil rights.

Count VIII is brought under 42 U.S.C. § 1986, which creates a cause of action against a party who has knowledge of a violation of 42 U.S.C. § 1985 (described above), and who has the power to prevent that violation, but neglects or refuses to do so. A party who meets that criteria may be accountable for all damages caused by such neglect or refusal.

The jurisdiction of a bankruptcy judge is limited by statute. Subject matter jurisdiction over bankruptcy matters lies in the District Courts under 28 U.S.C. § 1334. District Courts have the authority to refer all matters within that provision to Bankruptcy Judges in the district. In this District, all such matters have been referred pursuant to Local District Rule 15(a).

Under 28 U.S.C. § 157, the reach of a bankruptcy judge's subject-matter jurisdiction is limited; it does not provide full authority over all matters. Section 157 differentiates between "core" and "non-core" proceedings. Under 28 U.S.C. §157(b)(1), a bankruptcy judge "may hear and determine all...core proceedings arising under title 11...and may enter appropriate orders and judgments, subject to review [under 28 U.S.C. § 158]." Section 157(b)(2) contains a non-exclusive list of "core proceedings" that do not apply to Count III. Nevertheless, Count III may still be core if it "arises under" the Bankruptcy Code or "arises in" a bankruptcy case.

Core jurisdiction also does not exist with respect to any of these Counts because they do not "arise under" the Bankruptcy Code or "arise in" a bankruptcy case. A civil proceeding "arises under" the Bankruptcy Code if it "involve[s] a cause of action created or determined by a statutory provision of title 11." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987). "'Arising in'" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 97. This does not extend to every causal relationship with a bankruptcy case. Rather, an "'arising in' proceeding is

5

one that must not only arise from events in the bankruptcy case but that by its nature of an administrative character because it requires disposition in the bankruptcy case in order for the bankruptcy case to be administered." *Va. Hosp. Ctr.-Arlington Health Sys. V. Akl (In re Akl)*, 397 B.R. 546, 550 (Bankr. D.C. 2008) (citing *Wood*, 825 F.2d at 96–97). In the Seventh Circuit, a proceeding is therefore core only "if it invokes a substantive right provided under Title 11 or if it is a proceeding that, by its nature could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (citing *Wood*, 825 F.2d at 97). Count III is brought under 42 U.S.C. § 1985 and not under any provision of the Bankruptcy Code. Moreover, these Counts do not "arise in" a bankruptcy proceeding because the allegations contained in it do not affect the administration of the estate as Mr. Brown, and not the Debtor's estate, seeks here to recover directly from non-debtor Defendants.

A bankruptcy court will also have subject matter jurisdiction over those non-core proceedings that "relate to" a bankruptcy case. A civil proceeding is "related to" a bankruptcy case, for jurisdictional purposes, when the action between the parties affects how much property is available for distribution to creditors of the bankruptcy estate or allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities. *Home Ins. Co. v. Cooper & Cooper, Ltd., et al., (In re Home Insurance)*, 889 F.2d 746, 749 (7th Cir. 1989). "Related to" jurisdiction is limited, and bankruptcy courts lack jurisdiction over matters which will have no effect upon the debtor's estate. *Id.*

Mr. Brown's purported Constitutional claims will in no way affect how much property is available for distribution to the Debtor's creditors. Any recovery would enure only to the benefit of Mr. Brown. Recovery under these Counts will have no effect on the Debtor's estate. Therefore, Counts III, V, and VII through IX are dismissed for lack of subject matter jurisdiction in this Court.

**Count IV**

Count IV alleges violations of the federal Worker Adjustment and Retraining Notification Act ("WARN Act" or "Act"), 29 U.S.C. § 2101 et seq. That Act protects workers by requiring employers to provide sixty-days notice of covered plant closings and mass layoffs (as defined in the Act). The WARN Act defines employees entitled to such notice, the conditions that trigger required notice, exceptions to the notice requirement, and penalties for failure to provide required notice. In his Complaint, Mr. Brown states that he was employed by

6

"Defendants" and that he was not given notice as required by the WARN Act of the mass layoff and plant closing that caused Mr. Brown to lose his employment. (Am. Compl. ¶ 392) Mr. Brown does not explain in what capacity he was employed by any of the Defendants in this Adversary, or give any details as to dates or places of such employment, if any. His allegation is also inconsistent with Mr. Brown's prior statements and pleadings wherein he alternatively alleged that he was employed by Debtor Moo & Oink, Inc. or Your Meat Store and More, LLC (an affiliate of the Debtor) at the time he was laid off. (12 A 265, Compl. ¶ 6; 11 B 45998, Involuntary Petition)

Regardless, this Count is dismissed for lack of subject-matter jurisdiction because it presents a possible dispute that does not "arise under" the Bankruptcy Code. It also does not "arise in" a bankruptcy case because it does not affect the administration of the Debtor's estate as the Defendants are non-Debtors. For this same reason this Count is not "related to" the Debtor's bankruptcy case as it could not impact the Debtor's bankruptcy estate or other liabilities. *See* Discussion on Counts III, V, and VII though IX *supra*.

**Count VI**

Count VI details an alleged transaction between Defendants and Mary Steele, a former employee of the Debtor, apparently alleging that she sabotaged the efforts of other employees in the bankruptcy process. It also implicates another employee Naomi Lee and President of the Debtor Morton Levy in an alleged conspiracy to deprive Mr. Brown of his Constitutional rights. This Count does not, however, state how any Defendant owed him a duty that was violated. Even if it did so state, however, that would not be a basis for bankruptcy jurisdiction. This Count is dismissed for lack of subject-matter jurisdiction because it is a possible dispute that does not "arise under" the Bankruptcy Code. It also does not "arise in" a bankruptcy case because it could not affect the administration of the Debtor's estate as the Defendants are non-Debtors. For this same reason this Count is not "related to" the Debtor's bankruptcy case as it does not impact the Debtor's bankruptcy estate or other liabilities. *See* Discussion on Counts III, V, and VII though IX *supra*.

**Count X**

Count X apparently alleges violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 et seq, although it does not state how that Act was violated by any Defendants. This Count is dismissed for lack of subject-matter jurisdiction because it is a dispute

that does not "arise under" the Bankruptcy Code. It also does not "arise in" a bankruptcy case because it does not affect the administration of the Debtor's estate as the Defendants are non-Debtors. For this same reason this Count is not "related to" the Debtor's bankruptcy case as it does not impact the Debtor's bankruptcy estate or other liabilities. *See* Discussion on Counts III, V, and VII though IX *supra*.

**Count XI**

Count XI alleges that Mr. Brown is owed unpaid wages from Defendants who are not plausibly alleged to have employed him (it is unclear under what statute this Count is brought). Each Defendant is a non-debtor and therefore subject-matter jurisdiction is lacking. This Count is therefore dismissed for lack of subject-matter jurisdiction because it is a dispute that does not "arise under" the Bankruptcy Code. It also does not "arise in" a bankruptcy case because it does not affect the administration of the Debtor's estate as the Defendants are non-Debtors. For this same reason this Count is not "related to" the Debtor's bankruptcy case as it does not impact the Debtor's bankruptcy estate or other liabilities. *See* Discussion on Counts III, V, and VII though IX *supra*.

**Count XII**

Count XII alleges negligent misrepresentation but does not specify any misrepresentation by Defendants. Assuming without deciding that Plaintiff could plead details of a plausible case for misrepresentation resulting in fraud, this Count is dismissed for lack of subject-matter jurisdiction because it is a dispute that does not "arise under" the Bankruptcy Code. It also does not "arise in" a bankruptcy case because it does not affect the administration of the Debtor's estate as the Defendants are non-Debtors. For this same reason this Count is not "related to" the Debtor's bankruptcy case as it does not impact the Debtor's bankruptcy estate or other liabilities. *See* Discussion on Counts III, V, and VII though IX *supra*.

**Count XIII**

The heading to Count XIII contains the following language – "Fraud: USC 31." (Am. Compl. at 95) Beyond this Count XIII contains no information or facts providing a basis for this allegation but instead asserts harms inflicted on Mr. Brown by the Defendants' purported violation of his Constitutional rights. Therefore, this Count is dismissed for insufficient pleading. *See* discussion on Count I *supra*.

**Count XIV**

Similarly to Count XIII, the heading to Count XIV states simply – "Professional Negligence." (Am. Compl. at 96) Beyond this Count XIII contains no information or facts alleging the basis for this allegation but instead asserts that harms were inflicted on Mr. Brown by the Defendants violation of his Constitutional rights. Therefore, this Count is dismissed for insufficient pleading. *See* discussion on Count I *supra*.

**Count XV**

As with the previous two Counts, this Count alleges only "Violation of Collection [sic] Bargin [sic] Agreement." (Am. Compl. at 97) It has not been plausibly pleaded how any of the named Defendants in this Adversary could have violated a collective bargaining agreement with a union of which Mr. Brown was a part, this Count is dismissed for insufficient pleading. *See* discussion on Count I *supra*.

**Count XVI**

This Count lists breach of contract as its basis but only describes harms inflicted on Mr. Brown by the Defendants in asserted violation of his Constitutional rights. Therefore, this Count is dismissed for insufficient pleading. *See* discussion on Count I *supra*.

**Count XVII**

Count XVII seeks to disallow the bankruptcy claim of Defendant Ms. Mollye's, Inc. under 11 U.S.C. 502(d). Mr. Brown seeks this relief because, he alleges, Ms. Mollye's has not repaid the Chapter 7 Trustee for supposed fraudulent transfers by it to First Midwest Bank. (Am. Compl. ¶ 494) Mr. Brown does not have standing to seek this relief so this Count is dismissed. *See* discussion on Count I *supra*.

**Count XVIII**

Count XVIII seeks relief for intentional infliction of emotional distress. This Count is dismissed for lack of subject-matter jurisdiction because it is a dispute that does not "arise under" the Bankruptcy Code. It also does not "arise in" a bankruptcy case because it does not affect the administration of the Debtor's estate as the Defendants are non-Debtors. For this same reason this Count is not "related to" the Debtor's bankruptcy case as it does not impact the Debtor's bankruptcy estate or other liabilities. *See* Discussion on Counts III, V, and VII though IX *supra*.

**Count XIX**

The heading to Count XIX states simply – "Recover Pension and Profit Sharing: 29 USC." (Am. Compl. at 103) Beyond this Count XIX contains no information or facts alleging the basis for this Count but instead describes harms allegedly inflicted on Mr. Brown by the Defendants violation of his Constitutional rights. Therefore, this Count is dismissed for insufficient pleading. *See* discussion on Count I *supra*.

**Count XX**

The heading to Count XX states simply – "Fair Labor Standard: 29 USC." (Am. Compl. at 104) Beyond this Count XX contains no information or facts alleging the basis for this Count but instead describes harms allegedly inflicted on Mr. Brown by the Defendants asserted violation of his rights. Therefore, this Count is dismissed for insufficient pleading. *See* discussion on Count I *supra*.

**Count XXI**

The heading to Count XXI states simply – "Unlawful Employment: USC 41." (Am. Compl. at 105) Beyond this Count XX contains no information or facts alleging the basis for this Count but instead describes harms allegedly inflicted on Mr. Brown by the Defendants violation of his Constitutional rights. Therefore, this Count is dismissed for insufficient pleading. *See* discussion on Count I *supra*.

**Mr. Brown's Appearance as a Child Support Creditor**

Finally, Mr. Brown completed Bankruptcy Form 281, Appearance of Child Support Creditor or Representative. Instructions to that Form explain,

> Section 304(g) of the Bankruptcy Reform Act of 1994 (Public Law No. 103-394) provides: Child support creditors or their representatives shall be permitted to appear and intervene without charge . . . in any bankruptcy case or proceeding in any bankruptcy court or district court of the United States if such creditors or representatives file a form in such court that contains information detailing the child support debt, its status, and other characteristics.

Mr. Brown does not plead facts showing that he is a child support creditor or representative as defined in 11 U.S.C. § 101(12A) or § 523(a)(5). The form he completed contains "N/A" on each line provided on the form to itemize amounts owed to the preparer. Yet, Mr. Brown signed his name over the following statement: "I certify under penalty of perjury that I am a child support

10

creditor of the above-named debtor . . . ." Mr. Brown completed Bankruptcy Form 281 to avoid paying fees for filing this and his six other adversary proceedings.

Mr. Brown was warned in another Adversary case against Debtor that he is not a child support creditor and is not eligible for a fee waiver. At a hearing on his Complaint in that Adversary brought against the Debtor (No. 12 A 00265), Mr. Brown was questioned about his appearance as a child support creditor. (3/22/12 Tr. p. 2 –6) He stated that he was not a child support creditor but nevertheless believed he was entitled to a fee waiver based on "fraudulent activities" he contended took place in the course of Debtor's bankruptcy case. (Tr. p. 9–10) Because he was and is not a child support creditor entitled to a waiver of fees for filing his Complaints, Mr. Brown was ordered to pay the required filing fee of $293.00 to the Clerk of Court (Tr. p. 12; see also Brown v. Moo & Oink, Inc., No.12 A 00265, Dkt. No. 8) but he has not yet done so. At that hearing, the Chapter 7 Trustee also stated that he delivered to Mr. Brown a Rule 11 demand letter. (Tr. p. 7) That letter served as a warning to Mr. Brown allowing him time to withdraw his appearance as a child support creditor in that case and in every other case in which he appeared as a child support creditor. (Id.) Failure to withdraw his appearances as a child support creditor exposes Mr. Brown to a Motion for Sanctions filed by the Chapter 7 Trustee. Despite this warning and this Court's order to pay the fees, Mr. Brown has continued to file documents amending his Complaint in this and the other adversary cases brought by him against multiple defendants without paying fees due. For this reason alone, the Complaint would be dismissed even if the other causes detailed for dismissal did not exist.

## CONCLUSION

Therefore, this Adversary Proceeding will by separate order be dismissed *sua sponte*.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 17th day of April, 2012.